# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

___

KALVIN HARMON,

                                        Plaintiff,

                                        DECISION and ORDER
-vs-                                    08-CV-6381-CJS

JAMES ESCROW,

                                        Defendant.

___

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Kalvin Harmon, *pro se* |
| | 8 Carnaby Street |
| | Wappinger Falls, NY 12590 |
| For Defendant: | Derrick J. Robinson, A.A.G. |
| | New York State Attorney General's Office |
| | 200 Old Country Road, Suite 240 |
| | Mineola, NY 11501 |

## INTRODUCTION

    Siragusa, J. This is an action brought pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Kalvin Harmon ("Harmon"), who claims that his exclusion from a Tier III Disciplinary Hearing violated his right to due process as guaranteed by the Fifth and Fourteenth Amendments. Presently before the Court is Defendant James Escrow's ("Escrow") (named in the complaint incorrectly as "Escrow") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, Escrow's motion is granted.

## BACKGROUND

The undisputed facts are as follows: On August 12, 2007, Plaintiff was issued an Inmate Misbehavior Report, relating to an incident that occurred that same day, charging him with assault on staff, violent conduct, interference with an employee, refusing a direct order, and refusing a search or frisk. As a result, a Tier III Disciplinary Hearing was conducted on August 17, 2007. Escrow was designated by the Superintendent to conduct the hearing.

According to the hearing transcript, ECF No. 36-3, and the audio recording of the hearing, ECF No. 36-2, Harmon was instructed by Escrow, at the beginning of the hearing, that if he wished to make any objections, he should do so in a timely fashion. Harmon was further instructed to refrain from speaking while others were speaking.

The portion of the hearing at issue consists of the following exchange between Harmon and Escrow with regard to a witness then testifying:

Harmon: Excuse me, I have questions.

Escrow: What questions do you have?

Harmon: I would like you to ask my uh, uh, uh . . . first off I object . . .

Escrow: Questions, do you have questions?

Harmon: I didn't receive any assist. . .

Escrow: Do you have questions you want me to ask this man?

Harmon: You're cutting me off, you're cutting me off . . .

Escrow: Yes I am. Do you have questions for him? You will have an opport . . . . . . . . . .

Harmon: . . . . . . . . .

Escrow: Don't talk over me or I am going to have you removed from the room.

| | |
|---|---|
| Harmon: | No, no. |
| Escrow: | Don't talk over me or I am going to have you removed from the room and I will continue in your absence . . . . . |
| Harmon: | . . . . . . . . . . |
| Escrow: | Last chance, last chance. |
| Harmon: | But you're not letting me speak. |

Audio Recording of Tier III Disciplinary Hr'g, ECF No. 36-2, and Tr. Of Tier III Disciplinary Hr'g, ECF No. 36-3, at 5-6.

This back and forth exchange between Harmon and Escrow continued until Escrow ultimately had Harmon removed form the hearing for disruptive behavior. The hearing then proceeded without Harmon. In his absence, Escrow entered a not guilty plea on Harmon's behalf to all charges. Escrow also made a determination on the record that Harmon did have adequate opportunity for meaningful assistance through the selection of Jeff Bradshaw, Vocational Instructor, as an assistant. Additionally, prior to the hearing, Harmon received advanced written notice of the formal charge by means of the misbehavior report. At the conclusion of the hearing, Escrow found Harmon guilty of all charges. Harmon then appealed. On November 26, 2007, the hearing disposition was reviewed and affirmed by Tim Votraw, Acting Director, Special Housing/Inmate Disciplinary Program.

Escrow claims that due to Harmon's repeated interruptions at the hearing, he was removed for disruptive behavior. On the other hand, Harmon claims that he was not disruptive, rather he was merely making timely objections as previously instructed to do so by Escrow himself. Harmon further claims that being removed from the hearing was both a Fifth and Fourteenth Amendment violation of his right to due process and a violation of state regulation, N.Y. Comp. Codes R. & Regs. Titl. 7, § 254.6, which provides that "[t]he

inmate shall be present at the hearing unless he or she refuses to attend, or is excluded for reasons of institutional safety or correctional goals."

In the motion presently before the Court, Escrow moves for dismissal under Rule 56 of the Federal Rules of Civil Procedure on the ground that Harmon has failed to prove a constitutional violation and, in the alternative, on the grounds of qualified immunity.

## STANDARD OF LAW

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that,

by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

> Defendant's Notice of Motion included the following *Pro Se Notice*:
>
> Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.
>
> In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.
>
> Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.
>
> Pursuant to Rules 7.1 (e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy

>   of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.
>
>   If plaintiff has any questions, he/she may direct them to the Pro Se Office.
>
>   Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.

Def.'s Notice of Motion at 2–3, Oct. 24, 2011, ECF No. 36. Inasmuch as Plaintiff is proceeding *pro se*, this Court is mindful that,

>   [w]hen considering motions to dismiss a *pro se* complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is especially true when dealing with pro se complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-146 (2d Cir. 2002).

## DISCUSSION

Based on the foregoing facts, the Court finds that Harmon has failed to present any facts which would be sufficient to carry his burden of proof at trial. Harmon relies on New York regulation section 254.6, as well as case law from the New York State Supreme Court, to support his due process claim. Whether Escrow violated that regulation has not been adjudicated in the state courts.

However, even assuming that a state regulatory violation did occur, it would have no bearing on the outcome of this decision. It has been established "that a violation of a state regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983."

*Hernandez v. Selsky,* 9:04-CV-0552, 2006 WL 566476 (N.D.N.Y. Mar. 7, 2006). *See also*, *Doe v. Connecticut Dept. Of Child & Youth Services,* 911 F.2d 868, 869 (2d Cir. 1990) (holding that a "violation of state law neither gives [plaintiffs] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim.") (citing *Robinson v. Via*, 821 F.2d 913, 922 (2d Cir. 1987)) (internal citations omitted); *Bogle v. Murphy*, 98-CV-6473 CJS, 2003 WL 22384792 (W.D.N.Y. Sept. 9, 2003) (stating that New York regulation section 254.6 does not create a constitutional due process right).

Moreover, "[p]rison inmates do not possess a constitutional right to be present during the testimony of witnesses during a disciplinary proceeding." *Francis v. Coughlin*, 891 F.2d 43, 48 (2d. Cir. 1989); *see also, Hidalgo v. Hopin*, No. 01-CV-0057(SR), 2009 WL 4803689 (W.D.N.Y. Dec. 9, 2009) (stating that inmates do not have "a constitutional right to confront or cross-examine witnesses in prison disciplinary hearings.) (Citing *Wolff v. McDonnell*, 418 U.S. 539, 567-8 (1974); *Kalwasinksi v. Morse*, 201 F.3d 103, 109 (2d Cir. 1999); *Silvia v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993)).

Accordingly, the Court finds that Harmon has failed to prove a constitutional violation; therefore, Escrow's motion is granted. Because the Court is dismissing the case for failure to prove a constitutional violation, it will not discuss Escrow's alternative grounds for relief: qualified immunity.

## CONCLUSION

In sum, Harmon has failed to present the Court with any genuine dispute of a material fact, while Escrow has established that he is entitled to judgment as a matter of law as a result of Harmon's failure to prove a constitutional violation. As such, Escrow's

motion to for summary judgment is granted and the Clerk is directed to enter judgment for Defendant.

    IT IS SO ORDERED.

Dated:  August 15, 2012
        Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge